FILED

Bryan Edward Kaye
318 S Melrose St #2
Anaheim CA 92805
(714) 860-9012
reachbryan@yahoo.com

Plaintiff in Pro Per

2019 JAN 22 PM 3: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA
BY____ (AW)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

Bryan Edward Kaye
as an individual

        Plaintiff

v.

Richard J Oberholzer (Judge)
Gassia Apkarian (Judge/legal aid attorney)
Andy Mansourian (Judge)
Michael Leverson (Judge)

Brian Foxx (Anaheim City Atty)
Jeffrey Kirk (District Attorney)
Robert Goodkin (District Attorney)

I  Case No.:

        **SACV19-00119 JLS (AFM)**
Civil Rights Complaint
Request for injunctive relief
Request for Declaratory relief
Request for Equitable relief

USC 28 § 1746 Unsworn declarations
under penalty of perjury

USC 18 § 1623 False declarations
before grand jury or court

CA Penal Code 115(a) felony to file false
forged documents with public office


US Constitution -  First Amendment
US Constitution -  Fourth Amendment
US Constitution -  Fifth Amendment
US Constitution -  Eighth Amendment
US Constitution -  Fourteenth Amendment



JURISDICTION AND VENUE

1.    This is an action for injunctive and declaratory relief and damages pursuant to USC 28 § 1746, USC 18 § 1623, CA Penal Codes 115 (a), and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the US Constitution.

2.    Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S. Code § 1983 and questions of federal constitutional law.  Jurisdiction also exists under the Declaratory Judgment Act 28 U.S. Code § 2201(a) and 2202. The Court has jurisdiction over Plaintiffs' supplemental state law claims for declaratory and injunctive relief pursuant to 28 U.S. Code § 1367(a).

3.    Venue is proper under 28 U.S. Code §1391(e)  Defendants are officers or employees of the United States and local state and municipalities, acting in official capacities, under color of law, and the agencies of the United States and local state and municipalities and agencies.  Venue is proper in Southern Division of the Central District in that the events and conduct originated and were directed at Plaintiff while Plaintiff was residing in Southern Division of Central District.

4.    Plaintiff asserts use of Affirmative Defense, and places responsibily on the Defense to produce evidence supporting all reports, actions, collections, statements and responses produced and maintianed about Plaintiff.  Plaintiff has witnessed, reported, and submits evidence of actions that are 'unauthorized departures from the authority given'.  This 'unathorized departure from the authority given' destroys the privilege which otherwise would be present.  Unless Defendant can produce laws and codes endorsing fraud, forgery, and other crimes listed, there is no immunity, no special privilege.

5.    Plaintiff, Bryan Kaye resides in the Southern Division of this Central District.

2

## PRELIMINARY STATEMENT

1. On August 20, 2012 Gassia Apkarian, legal aid Attorney for Plaintiff, did create a false document, a plea agreement, and then presented it to Plaintiff and wife of Plaintiff.  Plaintiff refused to sign the plea agreement.

2. Plaintiff was left alone with the plea agreement, and did fill in line 12.  I offer of factual basis for my plea.   'After Martin did commit fraud, and Diana threatened me with arrest over a civil matter- wanted to stop fraud and threats.'  This plea was entered in under duress, and is void.

3. Gassia Apkarian then forged the signature of the Plaintiff on the document.  Gassia Apkarian, while under oath, did submit this false, forged document with the court.

2. District Attorney Robert Goodkin signed and accepted the plea knowing it was false and a forgery.

3. Judge Andy Mansourian never read the plea aloud in court, never asked then defendant, now Plaintiff if the signature was that of Plaintiff.

SEE COPY of PLEA AGREEMENT FORGED by Apkarian, Goodkin, Mansourian

4. On February 17, 2015, in Fullerton North Court, using the above forged document, Judge Michael Leverson, used this, and other false information provided by Brian Foxx, Anaheim City Attorney to create another false plea agreement and then, using the same technique as before, simply forged signature of Plaintiff to the Plea agreement.

5. Brian Foxx, Anaheim City Attorney threatened then defendant, now Plaintiff with being thrown in jail, beaten, or even being shot by FAT Detective from Anaheim who refuses to provide identification, despite carrying a firearm into court, and openly threatening to shoot and kill Plaintiff for being 'mentally ill' and or 'homeless'.

SEE COPY of PLEA AGREEMENT FORGED by Foxx and Leverson

3

Add Page

6. On June 2, 2018 Judge Oberholzer did state knowledge that the plea agreements were forgeries, then, claimed that the statute of limitations had passed to address the issue. Judge Oberholzer has since then refused to accept motions. Judge Oberholzer has ordered the court clerks office to refuse to provide copies of the plea agreements (three) all of which were FORGED by the court, and accepted by the court and entered into the record under oath by Judge Oberholzer. Judge Oberholzer has ordered the clerks to refuse to provide copies of the court transcripts.

7. Judge Oberholzer knows that his actions are improper, and that the consequences for forging these plea agreements can be 5 years in prison, and a felony on his record, and the same for each of his fellow defendants. Judge Oberholzer has become hostile, and hopes to use the probation department, and the very same officers who brought him this mess, to silence and eliminate Plaintiff. This silence, or elimination, includes killing Plaintiff.

8. Plaintiff has made over 1,000 attempts via phone calls, emails, text messages, personal delivery with the sole purpose conduct business. The business at hand, to secure communication, discovery, or any evidence what so ever of the allegations and statement made by the officers of the court. To date, no evidence of due process, no evidence of any wrongdoing by Plaintiff has been provided or offered.

9. Plaintiff awaits communication from Rance Welch, legal aid attorney for any evidence from Defendants.

10. Currently the only response by Defendants has been to present the evidence of the previous crimes committed by Defendants, as reason to commit these current, new crimes of forging the plea agreements.

4

## PARTIES

1.   Plaintiff, Bryan Kaye, has observed actions taken by Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin that violates the Constitution, and multiple laws and codes that overlap.  Plaintiff is acting upon Constitutional responsibility to report the actions of Defendants because the actions violate Constitutional law, codes and policies.

2.  Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin are individuals with the capacity to sue and be sued.  Defendants have engaged in the acts complained of herein pursuant to the policies, practices and customs of the United States Court System.  These practices and customs of Defendants do not comply with the the Unites States Court System, and furthermore violate the Constitutional Laws.

3.  The Defendants, Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin participated personally in the unlawful conduct challenged herein.  Both challenged acts, first, the failure to allow the public to record, and second, the attempt to prevent the public (Plaintiff) from recording the officers of Anaheim while performing public duties, especially at the request of other members of the public.  The challenged acts caused the violation of Plaintiffs' rights and this complaint to be filed.

Add Page

## CAUSE of ACTION

1.  Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin actions violated USC 28 § 1746, USC 18 § 1623, CA Penal code 115(a), and the First, Fourth Fifth, Eighth and Fourteenth Amendments. Affirmative Defense requested.

2.  Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

3.  The acts and omissions of Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin, as described herein, violate the Constitutional rights of Plaintiff to be free from actual or threatened cruel and unusual punishment.

4.  Plaintiff, as everyone else, has a Constitutional right to be free from false criminal charges filed without following Due Process, has the right to be free from threats and duress during court proceedings and when deciding to, and when signing documents. None of these freedoms were availed to Plaintiff by Defendants.

POINTS and AUTHORITIES  (Related Cases)

1.  Brookfield Const. Co. v. Stewart, 284 F. Supp. 94.  "An officer who acts in violation of the Constitution ceases to represent the government.'   When Defendants knowingly, willingly, intentionally filed false, forged documents while under Oath, Defendants no longer represented the government.

2.  Yates Vs. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962) "Not every action by any judge is in exercise of his judicial function. It is not a judicial function for a Judge to commit an intentional tort even though the tort occurs in the Courthouse, when a judge acts as a Trespasser of the Law, when a judge does not follow the law, the judge loses subject matter jurisdiction and The Judge's orders are void, of no legal force or effect"! Yates Vs. Village of Hoffman Estates, Illinois, 209 F.Supp. 757 (N.D. Ill. 1962)

3.  By the hand of Defendants, knowingly and intentionally entering the false, forged plea agreements, the Defendants made "VOID" any and all orders made, as that they are of no legal force or effect.

4.  Schucker v Rockwood, 846 F.2d 1202 "Judge loses his absolute immunity from damage actions only when he acts in clear absence of all jurisdictions of performant of an act which is not judicial in nature.

5.  Despite claims by Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin, and non-defendants Dance Welch (legal aid attorney), Orange County Board of Supervisors, and Anaheim City Council that the Defendants are immune from prosecution, this is not true.  Once each Defendant entered the false, forged document the Judges / officers immediately lost absolute immunity from damages.

7

Add Page

POINTS and AUTHORITIES  (Related Cases- cont)

6. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) US Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

7.  Despite the claims by Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin and others that the Judges and Officers are immune from prosecution, the State has no power to impart any authority from the Supreme Authority of the United States and the Constitution that Governs the interactions between the people and the Government.  The Defendants, Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin are all open to and available to be prosecuted for the crimes as set forth by the Plaintiff.

8.  The Defendants claims of ignorance of the law, is no excuse.  Owens v. City of Independence, 100 S.Ct 1398 (1980) see also Maine v. Thiboutot,  448 US 1, 100 S. Ct. 2502 Hafer v. Melo, 502 US 21.  "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury." "Officers of the Court have no immunity, when violating a constitutional right, from liability, for they are deemed to know the law.

9.  Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin have all claimed that there is a statute of limitations on correcting a forged court document, when there is none, and as of yet, no evidence has been provided to support this statement.  Defendants do not know the law.

8

Add Page

## ENTITLEMENT of PLAINTIFF

1.   Plaintiff (as are the people) are Entitled to the Constitutional Rights as provided in writing, and for all people to read and understand.   Plaintiff is entitled to to be free of the restraints created by the Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin use of false forged documents and plea agreements.

2.  Plaintiff is Entitled to be free of the existence of these false, forged documents.

## INJUNCTIVE RELEIF

1.   Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

HEREFORE, Plaintiffs pray as follows:

1.   For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin from using and reporting the false, forged plea agreements to stop, detain, cite, arrest, threaten to arrest, or intimidate Plaintiff in any way.

2. For a declaratory judgment that Defendant's culture, practices, and conduct, as alleged herein violate Plaintiffs' rights under the United States and California constitutions and the laws of California;

3.   For damages to Plaintiffs in an amount of $1,000,000 for losses of family relations,' spousal relations, home, business and damage to family and spouse of Plaintiff.

4.   For costs of suit and attorney fees as provided by law.

5.  For such other relief as the Court deems just and proper.

6.  To prevent the Defendants from this ongoing culture of actions that deviate from

Add Page

5.  For such other relief as the Court deems just and proper.

6.  To prevent the Defendants from this ongoing culture of actions that deviate from the laws and Constitution, Plaintiff is requesting punitive damages of $9,000,000

DATED:  January 22, 2019

Respectfully Submitted,

Bryan Kaye

Date  1/22/19

By Bryan Kaye, in pro per